UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**METALCRAFT OF MAYVILLE, Inc.,**
d/b/a **SCAG POWER EQUIPMENT, Inc.,**

        Plaintiff,

v.                                                      Case No. 16-CV-544

**THE TORO COMPANY and**
**EXMARK MANUFACTURING Co., Inc.,**

        Defendants.
_____

## DECISION AND ORDER

On May 5, 2016, Metalcraft of Mayville, Inc., d/b/a Scag Power Equipment, filed this lawsuit and simultaneously moved for a preliminary injunction precluding The Toro Company and Exmark Manufacturing from making, using, selling, and offering to sell lawnmowers with platform suspension systems that infringe on Scag's patent, U.S. Patent No. 8,186,475. On August 1, Judge Pepper signed an order for Judge Randa granting Scag's motion on the condition that Scag post adequate security. On August 3, this case was reassigned to Magistrate Judge Duffin. On August 4, defendants appealed Judge Randa's order granting the motion for a preliminary injunction. On August 8, this case was reassigned to me due to non-consent.

Five motions are currently pending: (1) defendants' motion to dismiss for failure to state a claim, (2) defendants' expedited motion to stay the entry of the preliminary injunction until defendants' pending motion to dismiss and appeal have been decided, (3) plaintiff's expedited motion to set bond and enter an injunction order, (4) defendants' motion for leave to file a declaration, and (5) plaintiff's motion for leave to file a reply in

support of its motion to set a bond and for entry of a preliminary injunction. In the second motion, defendants argue that I should stay entry of the injunction until I decide their motion to dismiss. Defendants are correct that if the amended complaint fails to state a claim, then the injunction never should have been issued. Judge Randa, however, obviously thought that the plaintiffs do have a valid claim, otherwise he never would have granted the motion for a preliminary injunction. To clear up any lingering confusion, I will address the motion to dismiss now, using Judge Randa's reasoning as a backdrop.

## I.    Motion to dismiss.

When considering a motion to dismiss in a patent case, district courts apply the substantive law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2006). To survive a Rule 12(b)(6) motion, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). Well-pleaded facts are accepted as true, and all reasonable inferences are drawn in favor of the non-moving party. *Id.*

Judge Randa found that plaintiff was likely to succeed in proving infringement. In opposition, defendants emphasized the limitation in claims 11, 14, and 21 that the

2

operator platform supports "an entire body of an operator" during use. Defendants argued that the accused mowers do not infringe because they have steering controls connected to the chassis, not the suspended operator platform, which means that the platform does not support the rider's arms and hands. Judge Randa disagreed, finding that "attaching the steering controls to the suspended operator platform is merely a preferred embodiment in the specification." Decision and Order, ECF No. 30, at 5. Moreover, since other *dependent* claims have "express language directed to the inclusion of steering controls connected to the operator platform," the doctrine of claim differentiation "'gives rise to a presumption that the limitation in question is not present in the independent claim.'" *Id.* at 7 (quoting *Retractable Tech., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1312 (Fed. Cir. 2011) (Rader, C.J., dissenting in part)). Accordingly, Judge Randa agreed with plaintiff that "the fact that the defendants' lawnmowers have steering controls attached to the chassis, as opposed to the operator platform, is not a defense to infringement. A person having ordinary skill in the art would understand the 'entire body' limitation in reference to how a person sits in an ordinary chair." *Id.*

Defendants pursued the same line of argument in their motion to dismiss. Like Judge Randa, I am not persuaded. As to the remaining arguments in their motion to dismiss, defendants attempted to incorporate them by reference in their opposition to the motion for a preliminary injunction. Def.'s Br. in Opp., ECF No. 22, at 10 n.2. Judge Randa did not address those arguments. I will do so now.

Defendants argue that their mowers do not infringe claims 11 and 14 because they do not have a "front linkage," let alone a linkage connected between the chassis

3

and the "front portion" of the operator platform. *See* Howe Dec., ECF No. 21, Ex. A, '475 Pat., col.12, 11.6–9 (claiming "a suspension system connecting the operator platform to the chassis, the suspension system including (i) a front linkage that extends angularly between the chassis and a front portion of the operator platform . . . ."); *Id.*, col.12, 14. 30–31 (claiming "a linkage system connecting the front portion of the operator platform to the front portion of the chassis . . . .").[1] Defendants argue that the "front portion" is meant to be a "foot support tier." This, again, is only a preferred embodiment from the specification. Defendants also assert that the "linkage" required by claims 11 and 14 cannot include a spring or strut, as in the accused lawnmowers. Once again, the linkage shown in the specification is a preferred embodiment. Decision and Order, ECF No. 30, at 6 ("'Even when the specification describes only a single embodiment, the claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using 'words or expressions of manifest exclusion or restriction'") (citing *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004)).

Plaintiff also brought claims for indirect/induced infringement and willful infringement. Defendants argue that plaintiff failed to plausibly allege knowledge. *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, --- F.3d ----, 2016 WL 3124704, at *1 (Fed. Cir. June 3, 2016) ("proof of induced infringement requires not 'only knowledge of the patent' but also 'proof the defendant knew the [induced] acts were infringing'" (quoting *Commill USA, LLC v. Cisco Sys., Inc.*, --- U.S. ----, 135 S. Ct. 1920, 1926, 1928 (2015))); *K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012) (elements

---

[1] I can consider the '475 patent without converting this motion into a motion for summary judgment because the patent is central to Scag's infringement claims. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

4

for willful infringement). Plaintiff alleges that defendants knew that their mowers infringed the '475 patent prior to the instant suit being filed. Am. Compl., ECF No. 16, ¶¶ 78–79, 98–99. This is enough to state a claim, especially combined with a plausible claim for direct infringement.

## II. Motion to stay.

Since the motion to dismiss is now resolved, the only remaining aspect of this motion is the defendants' request to stay the entry of the preliminary injunction pending appeal. Federal Rule of Civil Procedure 62(c) provides that a district court may grant a stay pending appeal following entry of an order granting an injunction. "To determine whether to grant a stay, [courts] consider the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other." *In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). If an appeal has no merit, the request for a stay should be denied. *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 547 (7th Cir. 2007). If, however, the appellants have some chance of success on appeal, courts apply a "sliding scale" approach, under which I weigh the likelihood of success and extent of irreparable harm to be suffered by appellants against the harm likely to be suffered by appellees if a stay is entered. *Id.*

In this context, the likelihood of success relates to "those matters that properly will be before the Federal Circuit on appeal of the preliminary injunction order." *Abbott Labs. v. Sandoz, Inc.*, 500 F. Supp. 2d 846, 849 (N.D. Ill. 2007). Judge Randa held, as discussed above, that plaintiff is likely to succeed on the merits of their infringement claims because the defendants failed to raise a substantial question on infringement.

5

Judge Randa also rejected defendants' arguments that certain prior art, including a heavy-duty truck with a driver's compartment and the combination of a truck with a motorcycle shock, were anticipatory references. Decision and Order, ECF No. 30, at 8 ("Defendants offer no reason, and the Court cannot imagine one, that a person of ordinary skill in this field would combine a motorcycle shock with a suspended truck cab and come up with a suspended operator platform."). As to the remaining factors for the issuance of injunctive relief, Judge Randa found that (1) the harm suffered by plaintiff is irreparable because of the loss of exclusivity and brand-loyal customers in the market for lawnmowers with suspended operator platforms; (2) plaintiff being forced to compete against its own patented invention outweighs the harm to defendants, primarily loss of sales; and (3) the public interest favors the issuance of an injunction because it promotes the market incentive of encouraging innovation through the patent system. *Id.* at 9–12.

I agree with Judge Randa's reasoning. Assuming, without deciding, that defendants have demonstrated some likelihood of success on appeal, the sliding scale approach still results in denial of the motion. Defendants complain, once again, about lost sales and revenues, but this is not irreparable harm. Moreover, as Judge Randa noted, "the harms identified by the defendants are those associated with losing a patent infringement lawsuit. At the preliminary stage, Rule 65(c) is designed to provide adequate security in the event that the defendants were wrongfully enjoined." *Id.* at 12. Issuance of the stay would also substantially injure plaintiff for the reasons identified in Judge Randa's opinion. "It is undisputed that prior to defendants' entry into the market, [plaintiff] owned about 100% of the market share for lawnmowers with suspended

operator platforms. 'Exclusivity is closely related to the fundamental nature of patents as property rights [and] is an intangible asset that is part of a company's reputation . . . .'" *Id.* at 10 (internal citation omitted). Finally, the public interest lies in enforcing plaintiff's right to capitalize on its patent, not protecting and allowing continuing infringement by defendants. "The public can continue obtaining the patented suspension system from [plaintiff], or it can obtain other non-infringing mowers from the defendants." *Id.* at 12.

### III. Motion to set bond and enter injunction.

The purpose of an injunction bond is to give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "When setting the amount of security, district courts should err on the high side." *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000). Defendants would not be automatically entitled to that amount, but "an error in the other direction produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond." *Id.* (citing *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 770 n.14 (1983)).

Plaintiff initially posited $200,000 as an adequate amount of security. In response, defendants argue that plaintiff should be required to post bond corresponding to the difference in price between mowers with suspended operator platforms and those without, $900, multiplied by the number of mowers estimated for the next two years, which equals $10,620,000. Though, the evidence submitted by defendants indicates that the difference in price is $800, not $900. Finkner Decl., ECF No. 42, ¶ 7; Hannan Decl., ECF No. 44-1, ¶ 6. That aside, plaintiff objects to defendants' approach because

7

it appears to rely upon gross revenue numbers. Instead, plaintiff argues that the proper inquiry should be on potential lost profits. Assuming a profit level of 10%, *see* Brookman Decl., ECF No. 46, ¶ 6, plaintiff posits a lost profits bond of $1,062,000—10% of $900 times 11,800, the claimed number of sales. I agree with this approach generally, but find that the amount may need to be pushed a bit higher to account for other factors, including "lost market share and associated costs of relaunch." *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1385 (Fed. Cir. 2006). I will set the bond at $1,000,000, but I am open to conducting further proceedings on this issue in accordance with the guidance set forth herein.

**IV.** **Motions for leave to file declaration and to file a reply.**

Since I considered both of the proposed filings, these motions are granted *nunc pro tunc*.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED THAT** defendants' motion to stay (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED THAT** plaintiff's motion to set bond and enter an injunction order (ECF No. 37) is **GRANTED**. Bond is set at $1,000,000 and should be posted within **seven (7) days** of the date of this Order. Defendants are enjoined from making, using, selling, and offering to sell lawnmowers equipped with the infringing platform suspension system in accordance with Judge Randa's August 1, 2016 Decision and Order, ECF No. 30.

**IT IS FURTHER ORDERED THAT** defendants' motion for leave to file a declaration (ECF No. 44) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** plaintiff's motion for leave to file a reply (ECF No. 45) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge