UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

METALCRAFT OF MAYVILLE, INC.
d/b/a Scag Power Equipment,
        Plaintiff,

v.                                                      Case No. 16-CV-544

THE TORO COMPANY and
EXMARK MANUFACTURING CO., INC.,
        Defendants.

## DECISION AND ORDER

Metalcraft of Mayville, Inc. (d/b/a Scag Power Equipment) ("Scag"), brings this action in federal court against the Toro Company and Exmark Manufacturing Co., Inc., alleging infringement of its patent on an operator suspension system for commercial riding lawnmowers. On August 1, 2016, District Judge Pamela Pepper signed an order on behalf of Senior District Judge Rudolph T. Randa granting Scag's motion for a preliminary injunction precluding defendants "from making, using, selling, and offering to sell lawnmowers equipped with platform suspension systems that infringe Scag's patent . . . . on the condition that Scag posts adequate security." ECF No. 30, at 1.

Defendants promptly filed a notice of appeal and an expedited motion to stay the injunction pending the appeal. ECF Nos. 31–32. Scag filed an expedited motion to set an initial bond and enter the preliminary injunction order. ECF No. 37. On August 18, I denied defendants' motion to stay the injunction, set the bond at $1,000,000, and entered the preliminary injunction order. ECF No. 47. On August 23, Scag posted the bond. ECF No. 53. On October 13, the Court of Appeals for the Federal Circuit denied defendants' motion to stay the preliminary injunction pending appeal. ECF No. 59.

1

On November 2, defendants moved to dissolve the preliminary injunction and, recognizing that I lack jurisdiction to do so while their appeal is pending, for an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1, "as to whether (if jurisdiction were returned to this Court) [I] would dissolve the preliminary injunction." Defs.' Mem., ECF No. 65, at 1. Rule 62.1(a) states,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> **(1)** defer considering the motion;
> **(2)** deny the motion; or
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Defendants argue that they have discovered new prior art and that the U.S. Patent and Trademark Office has granted their request to reexamine all of the asserted patent claims at issue, both of which undermine the likelihood that Scag will succeed on the merits, which justifies reconsideration of whether a preliminary injunction is appropriate. Defendants' motion is not yet fully briefed, so I will not decide it today. Instead, I consider Scag's expedited motion to strike defendants' motion. ECF No. 67.

Scag argues that defendants' motion is procedurally improper. According to Scag, a party cannot file "'an independent, free-standing Rule 62.1 motion, asking the district court, in the abstract as it were, to advise the court of appeals what it would do if the court of appeals were to remand the case.'" *Id.* at 2 (quoting *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015)). Accordingly, Scag argues, Rule 62.1 requires a separate motion for relief that was filed *before* defendants appealed. Defendants argue that their motion is not "a 'freestanding Rule 62.1 motion'" but a combined motion for relief (dissolution of the preliminary injunction) and for an indicative ruling under Rule 62.1. Defendants further argue that Rule 62.1 does not require that

2

the underlying motion for relief be filed before the notice of appeal, as such an interpretation "is contrary to the rule and would defeat [its] entire purpose." Defs.' Opp'n, ECF No. 68, at 2.

I find that defendants' motion is procedurally sufficient. It requests relief that I cannot currently grant because of defendants' pending appeal and asks, instead, that I grant an indicative ruling under Rule 62.1. It is clear to me (and seems to be clear to the parties) what underlying relief defendants are requesting; the basis for their request; and why, under the circumstances, I lack the authority to grant that relief. Further, Rule 62.1 does not require that the motion for relief be filed before the notice of appeal. The Advisory Committee Notes to Federal Rule of Appellate Procedure 12.1, governing remand after a district court's indicative ruling under Rule 62.1, includes the following hypothetical, which makes this clear:

> The district court grants summary judgment dismissing a case. *While the plaintiff's appeal is pending, the plaintiff moves for relief from the judgment*, claiming newly discovered evidence and also possible fraud by the defendant during the discovery process. If the district court reviews the motion and indicates that the motion "raises a substantial issue," the court of appeals may well wish to remand rather than proceed to determine the appeal.

Fed. R. App. P. 12.1 advisory committee notes to 2009 adoption (emphasis added). The Advisory Committee Notes to that rule also clearly counsel litigants about what to do "[w]hen relief is sought in the district court *during the pendency of an appeal*." *Id.* (emphasis added). For these reasons, I will deny Scag's motion to strike.

Scag requests, in the alternative, "an extension of time until 21 days after issuance of the Federal Circuit's decision [on defendants' appeal] to respond to" defendants' motion. ECF No. 67, at 3. Scag argues that defendants' appeal has been fast-tracked, the parties expect a decision before the end of the year, and it would be a

3

waste of this court's and the parties' resources to argue and consider defendants' motion now because the issues it raises "may be mooted or narrowed by the Federal Circuit." *Id.* Defendants argue that granting this extension "defeats the entire purpose of Rule 62.1, which is for the district court to weigh in on whether it would grant such a motion if it had jurisdiction to do so." Defs.' Opp'n, ECF No. 68, at 4. I agree with defendants. Rule 62.1 is designed to allow a district court to consider a motion for relief that it cannot grant for want of jurisdiction due to a pending appeal. I may, under Rule 62.1, "defer considering the motion," but I am reluctant to do so before the motion is fully briefed. If the Federal Circuit decides defendants' appeal before I decide defendants' motion or issue an indicative ruling, and the Federal Circuit's decision moots or narrows the issues raised in defendants' motion, I will consider whether to allow, invite, or order further briefing. For the time being, briefing on defendants' motion will continue as normal.

**THEREFORE, IT IS ORDERED** that Scag's motion to strike (ECF No. 67) is **DENIED**.

**IT IS FURTHER ORDERED** that Scag's request for an extension of time (ECF No. 67) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2016.

                                    s/ Lynn Adelman
                                    _____
                                    LYNN ADELMAN
                                    District Judge