## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**METALCRAFT OF MAYVILLE, INC.**
d/b/a Scag Power Equipment,
        Plaintiff,

    v.                                    Case No. 16-CV-544

**THE TORO COMPANY and**
**EXMARK MANUFACTURING CO., INC.,**
        Defendants.

---

## DECISION AND ORDER

Metalcraft of Mayville, Inc. (d/b/a Scag Power Equipment) ("Scag"), brings this action against the Toro Company and Exmark Manufacturing Co., Inc., alleging infringement of its patent on an operator suspension system for commercial riding lawnmowers. On August 1, 2016, District Judge Pamela Pepper signed an order on behalf of Senior District Judge Rudolph T. Randa granting Scag's motion for a preliminary injunction precluding defendants "from making, using, selling, and offering to sell lawnmowers equipped with platform suspension systems that infringe Scag's patent." ECF No. 30, at 1. A week later, this case was reassigned to me.

Since then, various portions of this dispute have been proceeding in three separate forums. First, defendants appealed the grant of the preliminary injunction to the Federal Circuit Court of Appeals, which recently affirmed that order. ECF No. 79. Second, defendants requested *ex parte* reexamination of Scag's patent claims by the U.S. Patent and Trademark Office (USPTO). ECF No. 66-1. The USPTO granted defendants' request for reexamination of certain claims in the relevant patent, citing "[a] substantial new question of patentability" based on prior art that was not cited,

1

discussed, or applied appropriately during the original prosecution of Scag's patent. *See* ECF No. 66-8.

Finally, defendants moved in this court, relying on the USPTO's decision to reexamine Scag's patent claims, for an order dissolving the preliminary injunction. *See* ECF No. 65. Recognizing that I lacked jurisdiction to issue such an order while their appeal to the Federal Circuit was pending, defendants moved, in the alternative, for an indicative ruling as to whether I would dissolve the preliminary injunction if the Federal Circuit were to remand for that purpose. *Id.* In light of the Federal Circuit's recent opinion and judgment affirming the grant of the preliminary injunction, defendants have withdrawn their request for an indicative ruling. ECF No. 80, at 2. Once I receive the appellate mandate, *see* Fed. R. App. P. 41, I will consider defendants' still-pending motion to dissolve the preliminary injunction. In the meantime, I will address the parties' other pending motions, which are associated with that motion.

Defendants move for oral argument on their motion to dissolve the preliminary injunction. This court hears oral argument on motions at its discretion. Civil L. R. 7(e) (E.D. Wis.); *see also* Fed. R. Civ. P. 78. In short, defendants request oral argument because they have to ramp up production of their enjoined mowers soon or start firing or furloughing some of their manufacturing employees. They also argue that Scag has been deliberately delaying the USPTO's reexamination proceedings, though they do not argue that Scag has done anything in violation of USPTO procedure. None of this shows that oral argument would be helpful in resolving defendants' pending motion to dissolve the preliminary injunction. It seems as though defendants are merely trying to

hasten a decision on that motion. I will not schedule oral argument for that purpose. Therefore, I will deny this motion.

Next, defendants move to seal portions of both their motion for oral argument and the declaration filed with that motion. This court considers any document filed to be public unless it is accompanied by a motion to seal supported by "sufficient facts demonstrating good cause for withholding the document or material from the public record." General L. R. 79(d)(1)–(4) (E.D. Wis.). "The standard for showing good cause is quite high . . . ." *Id.* committee comment. "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . ." *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Given this clear standard, I will

> deny outright any motion [to seal] . . . that does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Motions that represent serious efforts to apply the governing rules will be entertained favorably, and counsel will be offered the opportunity to repair shortcomings. Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success.

*Id.* at 548.

Defendants have not shown good cause to seal. They argue only that the motion and declaration "contain highly sensitive and confidential business information" that "is readily recognizable as of a nature that should be restricted." ECF No. 73, at 1. They do not "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection."

*Baxter*, 297 F.3d at 546. This motion is "so perfunctory" that it can be "summarily rejected." *Id.* I will deny this motion.

Finally, Scag moves to strike defendants' motion for oral argument and the declaration filed with that motion. According to Scag, rather than arguing the need for oral argument, defendants used their motion and declaration to impermissibly argue about the harm caused by the preliminary injunction and to claim that Scag is being dilatory in proceedings before the USPTO. I agree with Scag up to this point. However, where I see defendants' arguments as merely insufficient to support their motion, Scag sees them as "highly prejudicial," such that they should be struck from the record. ECF No. 77, at 2. Scag provides no applicable legal criteria, nor does it cite any legal authority whatsoever in support of its motion. As with defendants' motion to seal, this motion is so perfunctory that I will deny it outright.

**THEREFORE, IT IS ORDERED** that defendants' motion for oral argument (ECF Nos. 74 & 75) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to seal (ECF No. 73) is **DENIED**. The Clerk of Court shall make the relevant documents publicly available.

**IT IS FURTHER ORDERED** that Scag's motion to strike (ECF No. 77) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2017.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge